IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN ERIC WAKEFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 3:17-cv-683-WKW-WC |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner John Eric Wakefield ("Wakefield") is before the court on a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Civ. Doc. 1.[1]

## I.   BACKGROUND

On October 29, 2014, Wakefield pled guilty under a plea agreement to aiding and abetting the possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and possession of a firearm to further a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). *See* Crim. Doc. 123.  On November 23, 2015, the district court sentenced Wakefield to 180 months in prison, consisting of 120 months for the drug count and a consecutive term of 60 months for the firearm count. *See*

---

[1] References to document numbers assigned by the Clerk of Court in the instant civil action, Civil Action No. 3:17-cv-683-WKW, are designated as "Civ. Doc." References to document numbers assigned by the Clerk of Court in the underlying criminal case, Case No. 3:14-cr-408-WKW, are designated as "Crim. Doc." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Crim. Doc. 293.  Judgment was entered by the district court on December 7, 2015. Crim. Doc. 306. Wakefield did not appeal his convictions or sentence.

On February 8, 2017, the Government filed a motion for reduction in sentence under Rule 35(b) of the Federal Rules of Criminal Procedure in which it requested that Wakefield's sentence on the drug count be reduced by 12 months based on the substantial assistance that Wakefield had provided to the Government. *See* Crim. Doc. 456.  On April 12, 2017, the district court granted the Government's Rule 35(b) motion and ordered Wakefield's sentence on the drug count reduced by 12 months, so that Wakefield's overall sentence became 168 months in prison, consisting of 108 months for the drug count and a consecutive term of 60 months for the firearm count. [2] Crim. Doc. 471.

On October 10, 2017, Wakefield, acting *pro se*, filed the instant § 2255 motion presenting claims that (1) his trial counsel induced him to plead guilty using "the ruse of a 'significant reduction' in Mr. Wakefield's sentence in exchange for 'substantial assistance'

---

[2] Rule 35(b)(2) provides:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > (A) information not known to the defendant until one year or more after sentencing;
> >
> > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> >
> > (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2). The district court found that Rule 35(b)(2)(B) applied in Wakefield's case. Crim. Doc. 471.

2

to the government"; (2) his guilty plea was not entered knowingly and voluntarily; and (3) his trial counsel failed to investigate the charges and facts of the case, resulting in his pleading guilty when he otherwise would not have done so. Civ. Doc. 1 at 4–8.

The Government filed a response to Wakefield's § 2255 motion in which it argued, among other things, that the motion was time-barred under AEDPA's one-year limitation period. Civ. Doc. 4. Wakefield was allowed to reply to the Government's response and to show cause why his § 2255 motion should not be dismissed on grounds of untimeliness. *See* Civ. Docs. 5 & 6.

For the reasons that follow, it is recommended that Wakefield's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II.     DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the district court entered judgment in Wakefield's case on December 7, 2015. Wakefield did not appeal his convictions or sentence. When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Wakefield had 14 days from the judgment of conviction to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Therefore, his judgment of conviction became final 14 days after the district court's December 7, 2015 entry of judgment—that is, on December 21, 2015. Under 28 U.S.C. § 2255(f)(1), Wakefield had until December 21, 2016, to file his § 2255 motion. He filed his § 2255 motion on October 10, 2017.

As noted above, on April 12, 2017, approximately six months before Wakefield filed his § 2255 motion, the district court granted the Government's Rule 35(b) motion and ordered Wakefield's sentence reduced by 12 months. That Rule 35(b) sentence reduction, however, did not affect the finality of Wakefield's judgment of conviction for purposes of AEDPA's limitation period.

> [18 U.S.C.] Section 3582 states that although a district court may "modify" a "sentence to imprisonment" under Rule 35(b), a "judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*." 18 U.S.C. § 3582(b)–(c) (emphasis added). The plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999) (explaining that statutory construction begins with the language of the statute and when that language "provides a clear answer, it ends there as well") (internal quotation marks omitted). The Senate Report accompanying § 3582 confirms

4

that the plain meaning of the statute accords with Congress's intent. Congress explained that subsection (b) makes "clear" that though a prison sentence could be "modified" after imposition by way of "'three safety valves,'" including Rule 35(b), the "judgment of conviction is final." S.Rep. No. 98–225, at 96 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3304.13

In view of the traditional rule that a final judgment in a criminal case includes both the conviction and sentence, Congress understandably sought to assure that the use of Rule 35(b) to modify a sentence would not impact the finality of the judgment of conviction. Had Congress not done so, a defendant could have argued that a sentence modification entitled him to a new direct appeal where he could challenge anything that could have been challenged on a first direct appeal. Congress short-circuited this by unambiguously declaring that a Rule 35(b) modification does not affect the finality of the judgment for "any other purpose." 18 U.S.C. § 3582(b).

Plainly, AEDPA's one-year statute of limitations falls within the category of "any other purpose." *United States v. Sanders*, 247 F.3d 139, 142–144 & n.2 (4th Cir. 2001). Therefore, a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the "finality" of a defendant's "judgment of conviction" and does not alter the "date on which the judgment of conviction becomes final" for the purposes of the statute of limitations. *Id*. (internal quotation marks omitted).

*Murphy*, 634 F.3d at 1308–09 (footnotes and internal citation omitted).

Because Wakefield's judgment of conviction became final on December 21, 2015, and because a Rule 35(b) reduction does not constitute a new judgment restarting the § 2255 statute-of-limitations clock, Wakefield's § 2255 motion filed on October 10, 2017, is time-barred under the one-year AEDPA limitation period set forth in 28 U.S.C. § 2255(f)(1).[3]

---

[3] The Eleventh Circuit has stated:

[I]t is impossible for the "the validity of the underlying conviction, and, indeed, of the sentence itself" to be at issue in a Rule 35(b) proceeding. [S]ee *United States v. White*, 251 Fed. Appx. 658, 659 (11th Cir. 2007) ("Contrary to White's assertion, Rule 35(b), by its

(continued…)

Wakefield argues that the one-year limitation period contained in 28 U.S.C. § 2255(f)(4) applies to his claims because it wasn't until April 12, 2017, when the district court granted him the 12-month sentence reduction under Rule 35(b)—a reduction that he says was much smaller than the reduction his trial counsel had assured him he would receive when pleading guilty—that he discovered his counsel had a conflict of interest that caused counsel to "entice" Wakefield to plead guilty "under false pretenses."[4] Civ. Doc. 6 at 2. That conflict of interest, Wakefield says, was the fact that his trial counsel also represented one of Wakefield's codefendants, Vanessa Crowe, whose interests he says were the "polar opposite" of his, creating a dual loyalty that kept his counsel from advising him to proffer against Crowe as part of any substantial assistance to the Government that

---

own terms, provides for a reduction of a sentence, not the vacating of a sentence and a resentencing."). If the validity of the underlying conviction or sentence cannot be at issue in a Rule 35(b) proceeding, it makes no sense to say that a Rule 35(b) reduction constitutes a genuine "resentencing" that gives rise to a new "judgment" that imprisons the § 2255 movant. *See Berman v. United States*, 302 U.S. 211, 212–14, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) (holding that once a sentence is imposed, it is a valid final judgment until it is reversed or vacated). Instead, a defendant imprisoned by a sentence that has been reduced under Rule 35(b) is still serving the original, valid, and final judgment of conviction and sentence.

*Murphy*, 634 F.3d at 1313–14.

[4] Wakefield's plea agreement contained a cooperation agreement providing that if, after sentencing, Wakefield should provide further cooperation with the Government, the Government might file a motion for sentence reduction under Rule 35. Crim. Doc. 122 at 4. Although Wakefield says his counsel assured him that the Rule 35 sentence reduction would result in a sentence of as little as five years in prison, the cooperation agreement expressly gave the Government "sole discretion" to determine whether to file a motion for sentence reduction under Rule 35 and to determine the extent of the recommended reduction. *Id.*

(continued…)

could have resulted in the further reduction of his sentence. *See* Civ. Doc. 6 at 1–3; Civ. Doc. 1 at 6.

Wakefield's allegations notwithstanding, this court's records indicate that, when pleading guilty, Wakefield was well aware of his counsel's joint representation of Wakefield and Crowe and that, prior to entering his guilty plea, Wakefield orally waived in open court any conflict-of-interest claim that he might have against his counsel under Fed. R. Crim. P. 44(c). *See* Crim. Doc. 123. Therefore, the crucial fact supporting Wakefield's claims of ineffective assistance of counsel and entry of an unknowing and involuntary guilty plea—his counsel's alleged conflict of interest—was known to Wakefield when he pled guilty. Consequently, Wakefield's claims do not fall under the ambit of § 2255(f)(4) and the limitation period in § 2255(f)(1) controls in his case.[5]

The one-year limitation period may be equitably tolled on grounds besides those specified in § 2255 "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (1999). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000). Here, Wakefield does not specifically argue for equitable tolling. However, as evident in this court's previous

---

[5] The provisions of § 2255(f)(2) and § 2255(f)(3) do not furnish safe harbor for Wakefield by affording a different triggering date such that AEDPA's limitation period commenced on some date later than December 21, 2015, or expired on some date later than December 21, 2016. There is no evidence that an unlawful governmental action impeded Wakefield from filing a timely § 2255 motion, *see* 28 U.S.C. § 2255(f)(2), and Wakefield presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2255(f)(3).

7

discussion, Wakefield did not act diligently to file a § 2255 motion after discovering the joint representation by his counsel that created the alleged conflict of interest in his case. Thus, equitable tolling does not apply.

Wakefield filed his § 2255 motion petition over nine months after the December 21, 2016 expiration of AEDPA's limitation period. Consequently, his motion is time-barred under § 2255(f)(1).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Wakefield be DENIED and this case DISMISSED with prejudice because the § 2255 motion is untimely under the limitation period in 28 U.S.C. § 2255(f).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **June 18, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-

1; s*ee Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this the 4th day of June, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

9